## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

CAROLYN BUEHLER,

Plaintiff,

vs.                                                    CASE NO:

SYNCHRONY BANK,
NATIONWIDE CREDIT, INC. and
ENHANCED RECOVERY COMPANY LLC.

Defendants.
_____/

## COMPLAINT

1.      Plaintiff alleges violation of the Telephone Consumer Protection Act, 47 U.S.C.
§227 *et. seq.* ("TCPA"), the Florida Consumer Collection Practices Act, Fla. Stat. §559.55 *et. seq.*
("FCCPA") and the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et. seq.* ("FDCPA").

## INTRODUCTION

2.      The TCPA was enacted to prevent companies from invading American citizens'
privacy and prevent abusive "robo-calls."

3.      "The TCPA is designed to protect individual consumers from receiving intrusive
and unwanted telephone calls." *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740 at 745, 181 L. Ed.
2d 881 (2012).

4.      According to the Federal Communications Commission (FCC), "Unwanted calls
and texts are the number one complaint to the FCC.  There are thousands of complaints to the FCC
every month on both telemarketing and robo-calls.  The FCC received more than 215,000 TCPA
complaints in 2014."  https://www.fcc.gov/document/fact-sheet-consumer-protection-proposal.

1

5.     "Senator Hollings, the TCPA's sponsor, described these calls as 'the scourge of modern civilization, they wake us up in the morning; they interrupt our dinner at night; they force the sick and elderly out of bed; they hound us until we want to rip the telephone out of the wall.'" 137 Cong. Rec. 30, 821 (1991).   Senator Hollings presumably intended to give telephone subscribers another option: telling the autodialers to simply stop calling." *Osorio v. State Farm Bank, F.S.B.*, 746 F. 3d 1242 at 1255, 1256 (11th Cir. 2014).

## JURISDICTION AND VENUE

6.     This is an action for damages that exceeds $75,000.00 exclusive of attorneys' fees and costs.

7.     Plaintiff is a natural person, and citizen of the State of Florida, residing in Sarasota, Sarasota County, Florida.

8.     The alleged violations described in the Complaint occurred in Sarasota County, Florida.

9.     Jurisdiction and venue for purposes of this action are appropriate and conferred by 28 U.S.C. §1331.

## FACTUAL ALLEGATIONS

10.     Plaintiff is a "consumer" as defined in Florida Statute 559.55(8) and 15 U.S.C. §1692(a)(3).

11.     Plaintiff is an "alleged debtor."

12.     The alleged debt is that is the subject matter of this complaint is a "consumer debt" as defined by Florida Statute §559.55(6) and 15 U.S.C. §1692(a)(4).

13.     Plaintiff is the "called party." See *Breslow v. Wells Fargo Bank, N.A.*, 755 F. 3d 1265 (11th Cir. 2014) and *Osorio v. State Farm Bank, F.S.B.*, 746 F. 3d 1242 (11th Cir. 2014).

2

14.    Defendant, SYNCHRONY BANK (hereinafter "SYNCHRONY"), formerly known as GE Capital Retail Bank, is a corporation with its principal place of business at 170 West Election Road, Suite 125, Draper, UT 84020, and conducting business in the state of Florida.

15.    Defendant, SYNCHRONY, is a "creditor" as defined by Florida Statute 559.55(5).

16.    Defendant, SYNCHRONY, consents of and has knowledge and control of collection activities of their agents and representative, including supervisors, managers, affiliates, subsidiaries, divisions, employees, servants, partners, agents, vendors, assignees, transferees, collectors and/or contractors; including, but not limited to, Defendant NATIONWIDE CREDIT, INC. and Defendant ENHANCED RECOVERY COMPANY LLC.

17.    Defendant NATIONWIDE CREDIT, INC. (hereinafter "NATIONWIDE"), is a corporation with its principal place of business at 1000 Abernathy Rd. Ste. 200, Atlanta, GA 30328 and conducting business in the state of Florida.

18.    Defendant NATIONWIDE is a "debt collector" as defined by Florida Statute §559.55(6) and 15 U.S.C. §1692(a)(6).  Defendant NATIONWIDE sought to collect an alleged debt from Plaintiff that arose from a transaction incurred for personal, family or household purposes and therefore is an alleged "consumer debt."

19.    Defendant ENHANCED RECOVERY COMPANY LLC (hereinafter "ENHANCED RECOVERY") is a corporation with its principal place of business at 8014 Bayberry Rd., Jacksonville, FL 32256 and conducting business in the state of Florida.

20.    Defendant ENHANCED RECOVERY is a "debt collector" as defined by Florida Statute §559.55(6) and 15 U.S.C. §1692(a)(6).  Defendant ENHANCED RECOVERY sought to collect an alleged debt from Plaintiff that arose from a transaction incurred for personal, family or household purposes and therefore is an alleged "consumer debt."

21.     Defendants SYNCHRONY, NATIONWIDE and ENHANCED RECOVERY sought to collect an alleged debt from Plaintiff that arose from a transaction incurred for personal, family or household purposes and therefore is an alleged "consumer debt."

22.     Defendant SYNCHRONY sent Plaintiff an e-mail on April 16, 2013 (Exhibit A) which notified Plaintiff that Defendant SYNCHRONY may attempt to contact Plaintiff on her cell phone in order to "improve the servicing of your Dillard's American Express Credit Card Account."  Plaintiff clicked a link to "opt-out" of any future communications via e-mail in that same e-mail to which she states she received a confirmation.

23.     Plaintiff is the regular user and carrier of the cellular telephone number at issue, (XXX) XXX-6739, and was the called party and recipient of the hereinafter described calls from Defendants SYNCHRONY, NATIONWIDE and ENHANCED RECOVERY.

24.     Defendants intentionally harassed and abused Plaintiff on numerous occasions by calling several times during one day, and on back to back days, with such frequency as can be reasonably expected to harass.

25.     Upon information and belief, some or all of the calls the Defendants made to Plaintiff's cellular telephone number were made using an "automatic telephone dialing system" which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator (including by not limited to a predictive dialer) or an artificial or prerecorded voice; and to dial such numbers as specified by 47 U.S.C. §227 (a)(1) (hereinafter "autodialer calls").  Plaintiff believes Defendants called her cellular telephone number using an "automated telephone dialing system" because of the vast number of calls she received and because there was an extended pause before a live agent came on the line or left a voicemail.

26.     On or about April 24, 2013, Defendant SYNCHRONY (then, GE Capital Bank) initiated its campaign of autodialer calls to the Plaintiff on her aforementioned cellular telephone in an attempt to collect an alleged debt.  Upon receipt of the calls, Plaintiff's caller ID identified that the calls were being initiated from, but not limited to, the following phone number: (330) 433-5039.

27.     Importantly, Plaintiff never provided her cellular phone number to Defendant SYNCHRONY.  Plaintiff believes that Defendant found her phone number by skip-tracing her DMV records because Plaintiff had just renewed her Florida driver's license and provided the DMV with her cellular phone number on or about April 17, 2013 and the calls from Defendant to her cellular phone number began on April 24, 2013, but had never occurred before this date.

28.     As a result, each subsequent call Defendant SYNCHRONY made to the Plaintiff's aforementioned cellular telephone number was made without the "express permission" of the Plaintiff.

29.     As such, each call Defendants NATIONWIDE and ENHANCED RECOVERY made to Plaintiff's cellular telephone number was also made without the express permission of Plaintiff.

30.     Despite Defendant SYNCHRONY having actual knowledge of its wrongdoing, based upon how Plaintiff's cellular telephone number was discovered, Defendant SYNCHRONY continued the campaign of abuse, calling Plaintiff despite not having her express permission to call her aforementioned cellular telephone number.

31.     On or about March 26, 2014, Plaintiff received a debt collection letter (Exhibit B) from Defendant ENHANCED RECOVERY stating that it was attempting to collect on behalf of Defendant SYNCHRONY.

32.     Soon following, on or about March 31, 2014, Defendant ENHANCED RECOVERY began calling Plaintiff's cellular telephone without prior consent or express permission from Plaintiff.

33.     Defendant ENHANCED RECOVERY called Plaintiff's cellular telephone number from, but not limited to, the following telephone numbers: (800) 861-9732 and (800) 390-7644.

34.     On or about May 5, 2015, Plaintiff received a debt collection letter (Exhibit C) from Defendant NATIONWIDE CREDIT stating that it was attempting to collect on behalf of Defendant SYNCHRONY.

35.     Defendant NATIONWIDE CREDIT began calling Plaintiff's cellular telephone on May 5, 2015 from, but not limited to, the following telephone numbers: (678) 369-9344, (866) 659-0711, (678) 293-9631, (866) 505-9316, (678) 293-9753, (678) 831-0033, (404) 736-6597, (678) 293-9641, (678) 809-6043, (678) 809-6133, (678) 293-9672, (678) 269-6148 and (678) 809-6143.

36.     Plaintiff has experienced concrete harms stemming from the high number of calls made by Defendants.  Plaintiff has been inconvenienced as Plaintiff is unable to make calls, text, use mobile applications or browse the internet when interrupted by these calls.  Plaintiff must also recharge her cell phone more often because the calls deplete her cell phone battery, thereby raising her electric bill and costing her money.  Plaintiff's right to privacy is impinged by these never-ending calls and Plaintiff is forced to waste time in relation to them.  Plaintiff experiences stress and anxiety as she anticipates each unauthorized call and has been forced to expend significant time and energy to track and investigate these unauthorized calls.

37.     From April 24, 2013 through the filing of this Complaint, Defendant SYNCHRONY has made approximately one hundred forty-two (142) calls to Plaintiff's

aforementioned cellular telephone number, or as will be established after a thorough review of Defendant SYNCHRONY's records. [Please see attached Exhibit D, demonstrating a non-exclusive call log of calls received from April 24, 2013 through date of filing.]

38.   From April 24, 2013 through the filing of this Complaint, Defendant NATIONWIDE has made approximately one hundred fifty (150) calls to Plaintiff's aforementioned cellular telephone number, or as will be established after a thorough review of Defendant NATIONWIDE's records. [Please see attached Exhibit D, demonstrating a non-exclusive call log of calls from April 24, 2013 through date of filing.]

39.   From April 24, 2013 through the filing of this Complaint, Defendant ENHANCED RECOVERY has made approximately sixteen (16) calls to Plaintiff's aforementioned cellular telephone number, or as will be established after a thorough review of Defendant ENHANCED RECOVERY's records. [Please see attached Exhibit D, demonstrating a non-exclusive call log of calls from April 24, 2013 through date of filing.]

40.   Combined, this amounts to a total of approximately 308 calls made between the Defendants without prior consent or express permission.  The amount of time and energy Plaintiff has been forced to spend tracking these phone calls, attempting to stop these calls and the risk Plaintiff bears in bringing this case against Defendants, all amount to actual damage in the face of these violations.

41.   Each Defendant's corporate policy and procedures are structured as to continue to call individuals like Plaintiff, despite Plaintiff never having consented or permitted the calls, nor even having provided her cellular telephone number to any Defendant.

42.   Each Defendant's corporate policy and procedures provided no means for the Plaintiff to have her aforementioned cellular number removed from the call list.

43.     Each Defendant has a corporate policy of using an automatic telephone dialing system or a prerecorded or artificial voice message to collect alleged debts from individuals such as Plaintiff for its financial benefit.

44.     Defendant SYNCHRONY has numerous other federal lawsuits pending against them alleging similar violations as stated in this complaint.  Defendant SYNCHRONY has been sued in Federal Court over (two hundred fifty) 250 times in the last 3 years.

45.     In the last 3 years, Defendant SYNCHRONY has a staggering 4,695 complaints reported to the Better Business Bureau (BBB)[1].

46.     Defendant NATIONWIDE has numerous other federal lawsuits pending against them alleging similar violations as stated in this complaint.  Defendant NATIONWIDE has been sued in Federal Court approximately seventeen (17) times in the last 3 years.

47.     In the last 3 years, Defendant NATIONWIDE CREDIT has 52 complaints reported to the Better Business Bureau (BBB)[2].

48.     Defendant ENHANCED RECOVERY has numerous other federal lawsuits pending against them alleging similar violations as stated in this complaint.  Defendant ENHANCED RECOVERY has been sued in Federal Court over three hundred fifty (350) times in the last 3 years.

49.     In the last 3 years, Defendant ENHANCED RECOVERY has 1,045 complaints reported to the Better Business Bureau (BBB)[3].

50.     Each Defendant violated the TCPA with respect to the Plaintiff.

---

[1] Retrieved from http://www.bbb.org/dayton/business-reviews/credit-cards-and-plans/synchrony-bank-formerly-ge-capital-retail-bank-in-kettering-oh-5001136 on August 30, 2016.
[2] Retrieved from http://www.bbb.org/atlanta/business-reviews/collection-agencies/nationwide-credit-in-atlanta-ga-6231 on August 30, 2016.
[3] Retrieved from http://www.bbb.org/north-east-florida/business-reviews/collection-agencies/erc-in-jacksonville-fl-16000495/ on August 30, 2016.

51.     Each Defendant willfully or knowingly violated the TCPA with respect to the Plaintiff.

## COUNT I
## SYNCHRONY BANK
### (Violation of the TCPA)

52.     Plaintiff incorporates Paragraphs one (1) through fifty-one (51) herein by reference.

53.     Defendant SYNCHRONY caused placement of non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or prerecorded or artificial voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C. §227(b)(1)(A)(iii).

54.     Defendant SYNCHRONY willfully and knowingly caused placement of non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or prerecorded or artificial voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C. §227(b)(1)(A)(iii).

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues triable and judgment against Defendant SYNCHRONY BANK for statutory damages, punitive damages, actual damages, treble damages, costs, interest, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

## COUNT II
## SYNCHRONY BANK
### (Violation of the FCCPA)

55.     Plaintiff incorporates one (1) through fifty-one (51) herein by reference.

56.     At all times relevant to this action Defendant SYNCHRONY is subject to and must abide by the law of Florida, including §559.72 Florida Statutes.

57.     Defendant SYNCHRONY has violated §559.72(7) Florida Statutes by willfully communicating with the alleged debtor or any member of her family with such frequency as can be reasonably expected to harass the alleged debtor or her family.

58.     Defendant SYNCHRONY has violated §559.72(7) Florida Statutes by willfully engaging in conduct which can reasonably be expected to abuse or harass the alleged debtor or any member of her or his family.

59.     Defendant SYNCHRONY's actions have directly and proximately resulted in Plaintiff's prior and continuous sustaining of damages as described by §559.77 Florida Statutes. Plaintiff additionally suffered and continues to suffer emotional trauma relative to stress and anxiety regarding the frequency of the unauthorized telephone calls.  Plaintiff has also expended a great deal of time to investigating the source of these calls and was forced to hire an attorney in order to defend her rights pursuant to these unauthorized calls.

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant SYNCHRONY BANK for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

### COUNT III
### NATIONWIDE CREDIT, INC.
### (Violation of TCPA)

60.     Plaintiff incorporates Paragraphs one (1) through fifty-one (51) herein by reference.

61.     Defendant NATIONWIDE caused placement of non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or prerecorded or artificial voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C. §227(b)(1)(A)(iii).

62.    Defendant NATIONWIDE willfully and knowingly caused placement of non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or prerecorded or artificial voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C. §227(b)(1)(A)(iii).

WHEREFORE, Plaintiff respectfully demands a trial by jury on all issues triable and judgment against Defendant NATIONWIDE for statutory damages, punitive damages, actual damages, treble damages, costs, interest, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

**COUNT IV**
**NATIONWIDE CREDIT, INC.**
**(Violation of the FCCPA)**

63.    Plaintiff incorporates one (1) through fifty-one (51) herein by reference.

64.    At all times relevant to this action Defendant NATIONWIDE is subject to and must abide by the law of Florida, including §559.72 Florida Statutes.

65.    Defendant NATIONWIDE has violated §559.72(7) Florida Statutes by willfully communicating with the alleged debtor or any member of her family with such frequency as can be reasonably expected to harass the alleged debtor or her family.

66.    Defendant NATIONWIDE has violated §559.72(7) Florida Statutes by willfully engaging in conduct which can reasonably be expected to abuse or harass the alleged debtor or any member of her or his family.

67.    Defendant NATIONWIDE's actions have directly and proximately resulted in Plaintiff's prior and continuous sustaining of damages as described by §559.77 Florida Statutes. Plaintiff additionally suffered and continues to suffer emotional trauma relative to stress and anxiety regarding the frequency of the unauthorized telephone calls.  Plaintiff has also expended a

great deal of time to investigating the source of these calls and was forced to hire an attorney in order to defend her rights pursuant to these unauthorized calls.

      **WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant NATIONWIDE for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

**COUNT V**
**NATIONWIDE CREDIT, INC.**
**(Violation of FDCPA)**

68.    Plaintiff incorporates one (1) through fifty-one (51) herein by reference.

69.    Defendant NATIONWIDE has violated 15 U.S.C. §1692(d) by willfully engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of an alleged debt.

70.    Defendant NATIONWIDE has violated 15 U.S.C. §1692(d)(5) by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

71.    Defendant NATIONWIDE has violated 15 U.S.C. §1692(f) by using unfair or unconscionable means to collect or attempt to collect any alleged debt.

      **WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant NATIONWIDE for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

**COUNT VI**
**ENHANCED RECOVERY COMPANY LLC**
**(Violation of TCPA)**

72.     Plaintiff incorporates Paragraphs one (1) through fifty-one (51) herein by reference.

73.     Defendant ENHANCED RECOVERY caused placement of non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or prerecorded or artificial voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C. §227(b)(1)(A)(iii).

74.     Defendant ENHANCED RECOVERY willfully and knowingly caused placement of non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or prerecorded or artificial voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C. §227(b)(1)(A)(iii).

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues triable and judgment against Defendant ENHANCED RECOVERY for statutory damages, punitive damages, actual damages, treble damages, costs, interest, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

## COUNT VII
## ENHANCED RECOVERY COMPANY LLC
### (Violation of the FCCPA)

75.     Plaintiff incorporates one (1) through fifty-one (51) herein by reference.

76.     At all times relevant to this action Defendant ENHANCED RECOVERY is subject to and must abide by the law of Florida, including §559.72 Florida Statutes.

77.     Defendant ENHANCED RECOVERY has violated §559.72(7) Florida Statutes by willfully communicating with the alleged debtor or any member of her family with such frequency as can be reasonably expected to harass the alleged debtor or her family.

78.     Defendant ENHANCED RECOVERY has violated §559.72(7) Florida Statutes by willfully engaging in conduct which can reasonably be expected to abuse or harass the alleged debtor or any member of her or his family.

79.     Defendant ENHANCED RECOVERY's actions have directly and proximately resulted in Plaintiff's prior and continuous sustaining of damages as described by §559.77 Florida Statutes.  Plaintiff additionally suffered and continues to suffer emotional trauma relative to stress and anxiety regarding the frequency of the unauthorized telephone calls.  Plaintiff has also expended a great deal of time to investigating the source of these calls and was forced to hire an attorney in order to defend her rights pursuant to these unauthorized calls.

        **WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant ENHANCED RECOVERY for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

## COUNT VIII
## ENHANCED RECOVERY COMPANY LLC
### (Violation of FDCPA)

80.     Plaintiff incorporates one (1) through fifty-one (51) herein by reference.

81.     Defendant ENHANCED RECOVERY has violated 15 U.S.C. §1692(d) by willfully engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of an alleged debt.

82.     Defendant ENHANCED RECOVERY has violated 15 U.S.C. §1692(d)(5) by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

83.     Defendant ENHANCED RECOVERY has violated 15 U.S.C. §1692(f) by using unfair or unconscionable means to collect or attempt to collect any alleged debt.

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant ENHANCED RECOVERY for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

Respectfully submitted,

*/s/ Michael D. Finn*
Michael D. Finn, Esq.
Fla Bar No. 0089029
J. Andrew Meyer, Esq.
Fla Bar No. 0056766
**Finn Law Group, P.A.**
7431 114th Ave., Suite 104
Largo, Florida 33773
T: (727) 214-0700
F: (727) 475-1494
michaeldfinn@finnlawgroup.com
pleadings@finnlawgroup.com